Law Office of Howard A. Gutman
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598-1980
Attorney for Defendant GlycoBiosciences

_____

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS, | United States District Court<br>District of New Jersey |
| Plaintiff, | |
| v. | Civ. No. 2:16-CV-09254-SDW-LDW |
| GLYCOBIOSCIENCES, INC., | |
| Defendant, | **Defendant's Reply Brief<br>In Support of Motion to Dismiss** |

_____

### 1. The complaint fails to set down a ground for diversity jurisdiction.

An essential part of the complaint is that there is diversity jurisdiction based upon the amount in dispute.  To get to the requisite amount, plaintiff alleges licensing fees.*  However, the receipt of any license fees is denied by defendant, and no proof of same is provided by plaintiff.  The opposing papers provide little more substance than the complaint.  The Supreme Court said in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009),

> Were we required to accept this allegation as true, respondent's complaint would survive petitioners' motion to dismiss. But the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.  129 S.Ct. at 1954

A number of courses have concluded that generalized or conclusory allegations are insufficient to state a claim or show jurisdiction.  See Kansas Penn Gaming, LLC v. Collins, 656 F. 3d 1210, 1220 (10th Cir. 2011) ("Kansas Penn offers only conclusory allegations that other property owners are similarly situated. The complaint alleges that "numerous parcels of land in Cherokee County exist in conditions comparable to the Subject Property {but}…  this broad allegation is merely a formulaic recitation of a legal conclusion, and is inadequate."), Saisi v. Jersey City Police Dept., (Slip. Op. D.N.J. 2015) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss under Rule 12(b)(6), In re BP Lubricants USA Inc., 637 F. 3d 1307, 1311 (Fed. Cir. 2011) (A plaintiff is not empowered under the Rules "to plead the bare elements of his cause of action, affix the label general allegation,' and expect his complaint to survive a motion to dismiss").

**2. Hague, Status, Patent Jurisdiction Clarifying the Issues.**

A. Defendant's Acceptance of Service

There is more than a little caselaw saying official service through the central authority is required,

> Based on our interpretation of the Hague Service Convention, Diaz was required to serve Lacombe through Mexico's Central Authority.  As previously mentioned, Diaz stipulated Lacombe was not served through Mexico's Central Authority. We conclude the record fails to show Lacombe was properly served with process under the Hague Service Convention.  In re JPL, 359 SW 3d 695, 707 (Tex Ct. App. 2011).

Plaintiff cites a secondary authority which in turn references various materials. Pl brief at 5 citing  www.hcch.net/en/states/authorities/details3/?aid=248.   The section entitled methods of services Art. (5) (1) says, "The normal procedure for

service in Canada is personal service made by a process server in Alberta, a huissier in Québec, an enforcement officer of the Ministry of the Attorney General *in Ontario*." (emphasis supplied).

Nonetheless, rather than belabor the issue, defendant will stipulate to the sufficiency of service. Defendant is as eager as plaintiff to have the relevant issues adjudicated.

### A. Patent Jurisdiction

The jurisdictional allegations as to patent jurisdiction are scant, but plaintiff provides a more detailed brief in an attempt to bolster them. However, the operative pleading remains the complaint and if plaintiff wishes to add allegations, the appropriate procedural course is a new or amended complaint where they can be plead. "The Court cannot advance claims that are not clearly raised and developed in the complaint." In Re Lunn, (Slip. Op. Bankr Ct. W.D. N.Y. 2016.). However, typically leave to amend is permitted for a first amendment. See In re BP Lubricants USA Inc., 637 F. 3d 1307, 1313 (Fed. Cir. 2011 ("district courts are admonished to freely give leave to amend the pleadings when justice so requires," and ordinarily complaints dismissed under Rule 9(b) are dismissed with leave to amend).

There is not a sufficient basis for diversity jurisdiction and if this case is about who owns the relevant patent, plaintiff should simply say that. Defendant does not believe it is unreasonable that the Court insist on the plaintiff filing a claim that clearly lays out their case. The patent has already been assigned to defendant; that is reflected in the Patent and Trademark Office records. If the plaintiff's actual claim is based on a belief that it now owns the patent estate, assigned to the defendant several years ago, they should make this clear in their complaint. Their current complaint does not do this.

The complaint seemingly skirts the issue of ownership and the first one clearly sees that ownership is asserted is in the prayer for relief, section e. Count one is called a breach of agreement. If plaintiff is seeking $35,000 the unpaid amount,

then this is not a federal court case; if it asserts ownership to a patent that has been transferred, one at least understands the argument.

We want to be clear and candid. Assuming plaintiff asserts rights to the patent, defendant will file a response confirming that it owns the patent estate, related rights and certain associated technology, by virtue of the agreement that was executed and applicable law. We note any question about payment only arose after plaintiff failed to provide contractually required documentation including the very patent file.

The complaint is vague and should be clarified. Subject matter jurisdiction is evaluated on an ongoing basis and there is little to be gained by allowing a vaguely worded complaint to proceed through the system. Univ of South Alabama v. American Tobacco, 168 F. 3d 405 (11th Cir. 1999) ("a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.").

**Conclusion**

Plaintiff fails to sufficiently plead diversity jurisdiction and defendant withdraws its opposition to Hague service, leaving we believe one issue- subject matter jurisdiction under the patient laws. Assuming plaintiff's claim is that it is entitled to the applicable patent and associated rights, it should replead its complaint to say that, and defendant can then assert its right to the same placing the matter properly before this Court.

Dated: May 19, 2017                              *Howard Gutman*

                                                          _____
                                                          Howard A. Gutman
                                                          Attorney for Defendant

\* We note that the contract calls for payment in Canadian funds, not U.S.  Since there was at the time an exchange rate lessening the value of Canadian funds by about 30%, this heightens the fact that there is no diversity jurisdiction.