UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **GLYCOBIOSCIENCES INC.** : <br> **Defendants.** : | Civil Action No. 16-9254 (SDW) <br><br> **REPORT & RECOMMENDATION** |

**CLARK, Magistrate Judge**

  **THIS MATTER** comes before the Court on a Motion by Defendant Glycobiosciences Inc. ("Defendant" or "Glyco") to dismiss this matter for lack of subject matter jurisdiction, or in the alternative, to dismiss for insufficient service. [Mot. Dismiss, ECF No. 7]. Plaintiff Ansell Healthcare Products, LLC. ("Plaintiff" or "Ansell"), opposes Defendant's motion. [Pl.'s Br. Opp'n, ECF No. 10]. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, U.S.D.J., referred the present Motion to the Undersigned for Report and Recommendation. Having considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78, for good cause shown, and for the reasons set forth herein, it is respectfully recommended that Defendant's Motion to dismiss be **DENIED**.

  **I. BACKGROUND**

  On December 16, 2013, Ansell and Glyco (collectively, the "Parties") entered into a written Patent Purchasing Agreement ("Agreement") assigning all Ansell's patent rights in the invention disclosed as U.S. Patent Application No. 12/256,648. [Compl. ¶ 9, ECF No. 1]. In exchange for the transfer of patent rights, the Agreement provided that Glyco was to make certain timed payments totaling $50,000.00 (Milestone Payments) and additional royalty fee payments in an amount equal to seven percent of net sales. [*Id*. at ¶ 10; *see also Id*. at Ex. A. 3.1-3.2]. Plaintiff

claims that Defendant breached the Agreement by failing to pay all amounts due and owing under the Agreement—specifically, $35,000.00 remaining in Milestone payments and all royalty fees provided under the Agreement. [Compl. ¶ 21, ECF No. 1].

Plaintiff filed its complaint on December 14, 2016, initiating the instant action. [Compl., ECF No. 1]. Therein, Plaintiff asserts a claim for breach of agreement. *Id.* Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) or, in the alternative, to dismiss Plaintiff's complaint for improper service. [Mot. Dismiss, ECF No. 7]. Plaintiff has opposed Defendant's motion. [Pl.'s Br. Opp'n, ECF No. 10]. Defendant replied to Plaintiff's brief in opposition and, *inter alia*, voluntarily agreed to stipulate to the sufficiency of service. [Def.'s Reply Br., ECF No. 12]. The motion is fully briefed and ripe for disposition.

**II. DISCUSSION**

**a. Amount in Controversy**

Defendant argues that this case must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the damages in the case do not exceed the requisite amount in controversy for the exercise of diversity jurisdiction. Federal courts have diversity subject matter jurisdiction where there is complete diversity among the parties and the amount in controversy meets the jurisdictional minimum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). *See Spectacor Management Group v. Brown*, 131 F.3d 120, 122 (3d Cir.1997). As the party invoking the Court's jurisdiction, Ansell has "the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506-07 (3d Cir. 2014). In diversity cases, courts generally rely on the plaintiff's good faith allegations of the amount in controversy contained in the complaint.

*Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Suber*, 104 F.3d at 583. However, if the defendant challenges the sufficiency of the plaintiff's amount in controversy, "the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." *Id*. Dismissal is appropriate if the defendant can demonstrate that the jurisdictional amount cannot be met, or if, from the proof, it appears to a legal certainty that the plaintiff is not entitled to that amount. *Columbia Gas*, 62 F.3d at 541; *see also Dolin v. Asian Am. Accessories, Inc.*, 449 F. App'x 216, 218 (3d Cir. 2011); *Roy v. Bernstein*, No. CV 15-5905, 2016 WL 3406226, at *1 (D.N.J. June 15, 2016) (Simandle, J.).

In this matter, Plaintiff alleges that it is entitled to $35,000.00 in monetary damages, as well as royalty fees in an amount to be determined at trial, but believed to be in excess of $50,000.00. In support of its claims, Plaintiff filed the parties' "Purchase Agreement" which outlines the terms of the Agreement, including the Milestone Payments and royalty fees allegedly due to Plaintiff in exchange for transferring its patent rights to Defendant. [*See* Compl. Ex. A, ECF No.1]. Defendant contends that this Court does not have jurisdiction over this case because Plaintiff's damages were based on "leveled allegations." [Def.'s Mot. Dismiss, ECF No. 7]. However, Defendant fails to submit any proof that Plaintiff's jurisdictional amount cannot be met. Since nothing in this record suggests that the damages alleged by Plaintiff were feigned to satisfy the jurisdictional minimum or that Plaintiff has no good faith basis for its claims, it appears that Plaintiff's claims satisfy the amount in controversy requirement. Surely, Defendant has not shown that Plaintiff would not be entitled to this amount as "a legal certainty." Therefore, the Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) should be denied.

b. **Sufficiency of Service**

As noted, Defendant agrees to stipulate to the sufficiency of service. [Def.'s Reply Br., ECF No. 12]. Therefore, this claim is moot and the Court will dismiss this claim pursuant to Fed. R. Civ. P. 41(a).

### III.  CONCLUSIONS

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 30th day of August, 2017

**RECOMMENDED** that Defendant's Motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction [ECF No. 7] be **DENIED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**