UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

Charles P. Guarino
MOSER TABOADA
1030 Broad Street, Suite 203
Shrewsbury, New Jersey 07702
cguarino@mtiplaw.com
(732) 935-7100
Attorneys for Plaintiff

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC | ) |
| | ) |
| Plaintiff, | ) Hon. Susan D. Wigenton |
| | ) |
| v. | ) |
| | ) Civil Case No. 2:16-cv-09254-SDW-JBC |
| GLYCOBIOSCIENCES INC. | ) |
| | ) |
| Defendant. | ) Civil Action |
| | ) |

**PLAINTIFF ANSELL HEALTHCARE PRODUCTS'
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE
FIRST SUPPLEMENTAL COMPLAINT AND JURY DEMAND**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT …………………………………………...………. 3

FACTUAL BACKGROUND ….………………………………………...………. 3

ARGUMENT ………………………………………………………………………... 5

CONCLUSION……………………………………………………………………. 8

## **TABLE OF AUTHORITIES**

Rosedale Manor Assocs., LLP v. Borough of Madison, N.J.,
    2006 WL 3751353 (D.N.J. Dec 19, 2006) ………………………………………….. 5

Tormasi v. Hayman, 2010 WL 1878961 (D.N.J. May 10, 2010) ………………………… 5-7

Hassoun v. Cimmino, 126 F.Supp.2d 353 (D.N.J. 2000) ………………………………… 6-7

6A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1506 (2d ed.) ……………………... 6-7

Fed. R. Civ. P. 15 …………………………………………………………………………. 5

Johnson v. Knorr, 130 F. App'x 552 (3d Cir. 2005) ……………………………………… 6-7

Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n,
    573 F.2d 820 (3d Cir.1978) ……………………………………………………. 7

**I.      PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 15 and Local Rule 7.1, Plaintiff Ansell Healthcare Products LLC ("Ansell") hereby submits this Memorandum of Law, along with the attached Exhibits, in support of its motion for leave to file a Supplemental Complaint in this matter to allege new claims against Defendant Glycobiosciences Inc.'s ("Glyco") arising from the actions of Glyco's principal between May 2017 - August 2017, during the pendency of Defendant's Motion to Dismiss in this proceeding (which has since been denied).  Given that Defendant has yet to file its Answer in this proceeding following denial of its pre-answer Rule 12(b)(6) motion, there would be no prejudice to Defendant in allowing Plaintiff leave to file its Supplemental Complaint.

**II.     FACTUAL BACKGROUND**

Ansell filed a Complaint and Jury Demand against Glyco in this matter on December 14, 2016 (Doc. No. 1), alleging breach of contract.  The Summons and Complaint were duly served on Glyco on March 22, 2017 (Doc. No. 4).

Glyco filed a pre-answer Rule 12(b)(6) Motion to Dismiss on April 21, 2017 (Doc. No. 7).  Ansell duly filed a Brief in Opposition to the Motion, and Glyco filed a Reply Brief in Support of the Motion.  The motion was submitted on June 5, 2017.

Simultaneous with this case, Ansell was engaged in two matters completely unrelated to the instant litigation matter between Ansell and Glyco: (a) completion of the sale of its Sexual Wellness global business unit to Humanwell Healthcare (Group) Co., Ltd. of China ("Humanwell"); and (b) a patent litigation matter against competitor Reckitt Benckiser, LLC

("Reckitt") in the U.S. District Court for the District of Delaware under Case No. 1:15-cv-00915-RGA ("Ansell-Reckitt Delaware Litigation").

While the parties were awaiting a decision from this Court on Defendant's Motion to Dismiss, Glyco's principal, Kevin Drizen ("Drizen"), took several opportunities to interject Glyco into the above-mentioned Ansell matters, by spreading maliciously false information claiming ownership of Ansell's polyisoprene condom patent portfolio both to Ansell's purchaser and its competitor/legal adversary.

On May 31, 2017, Drizen sent an email to Reckitt's Delaware litigation counsel, falsely claiming that Glyco was the owner of Ansell's polyisoprene condom technology. See **Exhibit B** to the Supplemental Complaint. Attached to this email was a letter from Glyco to Reckitt's general counsel dated May 20, 2017, claiming that Glyco owned the patents that Ansell was asserting against Reckitt in the Ansell-Reckitt Delaware Litigation. See **Exhibit C** to the Supplemental Complaint.

On June 3, 2017, Drizen sent a letter via email attachment to the President of Humanwell, falsely claiming that Glyco was the owner of Ansell's polyisoprene condom technology. See **Exhibit D** to the Supplemental Complaint. On August 1, 2017, Drizen sent a second email to the President of Humanwell, reiterating the falsehood that Glyco was the owner of Ansell's polyisoprene condom technology. See **Exhibit E** to the Supplemental Complaint. This email included an attachment consisting of a letter to the Hon. Richard G. Andrews of the U.S. District Court for the District of Delaware, in which Glyco falsely claim rights in the Ansell patents asserted against Reckitt in the Ansell-Reckitt Delaware Litigation. See **Exhibit F** to the Supplemental Complaint.

The purpose of Glyco's actions with respect to Humanwell was clearly to interfere with and hinder the sale of Ansell's Sexual Wellness global business unit to Humanwell, in retaliation for Ansell's suit against Glyco for breach of the Patent Purchase Agreement.  The purpose of Glyco's actions with respect to Reckitt and its counsel was to interfere with and hinder Ansell's prosecution of its Ansell-Reckitt Delaware Litigation, also in retaliation for Ansell's suit against Glyco for breach of the Patent Purchase Agreement.

### III.   ARGUMENT

#### A.   Legal Standard.

The Federal Rules of Civil Procedure provide for supplementation of a complaint to set out transactions and events that occurred after the initial complaint was filed:

> (d) Supplemental Pleadings.  On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

Unlike Rule 15(a)(2) which governs amendment, Rule 15(d) does not include an explicit mandate that leave be "freely given when justice so requires."  However, as Chief Judge Brown has observed, courts construe Rule 15(d) to require the same liberal approach: "leave to file a supplemental complaint should be freely permitted in the absence of undue delay, bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading."  Rosedale Manor Assocs., LLP v. Borough of Madison, N.J., 2006 WL 3751353, at *3 - *4 (D.N.J. Dec 19, 2006); see also Tormasi v. Hayman, 2010 WL

1878961, at *2 (D.N.J. May 10, 2010); Hassoun v. Cimmino, 126 F.Supp.2d 353, 360-61 (D.N.J. 2000).

This approach is consistent with the general policies underlying the Rules of Civil Procedure, among which is that a party should be given "every opportunity to join in one lawsuit all grievances against another party regardless of when they arose."  6A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1506 (2d ed.).  A liberal approach to supplemental pleadings promotes judicial efficiency, avoids multiple litigations and provides a complete adjudication of the parties' dispute.  Tormasi, 2010 WL 1878961 at *2 (quoting Hassoun, 126 F. Supp. at 360).  This is because the "usual effect" of denying leave to file a supplemental pleading is to force the plaintiff to institute another action and move for consolidation in order to litigate all claims at once, which is "a wasteful and inefficient result."  6A C. Wright & A. Miller § 1506.

### B.  This Court Should Permit Ansell to File a Supplemental Complaint.

The Court should exercise its discretion to permit Ansell to file a supplemental complaint that sets out Glyco's new tortious activities that commenced after Ansell filed its Complaint and during the pendency of Defendant's Motion to Dismiss.

First, there has been no undue delay by Ansell in seeking leave to supplement its complaint, nor has Ansell demonstrated bad faith or engaged in dilatory tactics.  Glyco's tortious activities all commenced between May 2017 and August 2017, in the period after Ansell filed its Complaint and during the pendency of Defendant's Motion to Dismiss.  Given that has not even joined issue as of the date of this Motion, there is no possibility of undue delay by Ansell.

Even if Ansell had delayed in seeking to supplement the complaint (which it did not), this would not justify denying its motion for leave to supplement.  In Johnson v. Knorr, 130 F. App'x 552 (3d Cir. 2005), the district court denied a motion to amend a complaint that had been filed

- 7 -

after the close of discovery on the basis that the motion was untimely and therefore prejudicial. The Third Circuit reversed, holding that "[d]elay alone ... is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party." 130 F. App'x at 555 (quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir.1978)). Here Glyco will not be prejudiced — let alone "unduly prejudiced"— if Ansell is permitted to supplement its complaint in light of Glyco's new tortious activities, as it has not even joined issue as of the date of this Motion.

Permitting Ansell to supplement its complaint will serve the interests of judicial efficiency and the underlying policies of the Rules of Civil Procedure. As stated above, following denial of the Defendant's motion to dismiss, it has yet to file its Answer in this action, issue has yet to be joined, and the Court has yet to hold its initial conference.

As this Court has observed, one of the basic policies underlying the Rules is that a party should be given "every opportunity" to join all of its claims in one lawsuit regardless of when they arose, in order to avoid multiple litigations and provide a complete adjudication of the dispute. Tormasi, 2010 WL 1878961 at *2; Hassoun, 126 F. Supp. at 360; 6A C. Wright & A. Miller §1506. This policy is best served by permitting Ansell to supplement its complaint to reflect Glyco's new tortious activities.

## IV. CONCLUSION

For the foregoing reasons, Ansell respectfully requests that the Court grant Ansell leave to file its supplemental complaint in the form attached simultaneously with this Motion.

Dated: September 8, 2017

Respectfully submitted,

MOSER TABOADA

/s/ Charles P. Guarino
CHARLES P. GUARINO #8658
cguarino@mtiplaw.com
1030 Broad Street, Suite 203
Shrewsbury, New Jersey 07702
732-945-9498 (phone)

Attorneys for Plaintiff