# MOSER TABOADA
## ATTORNEYS AT LAW

CHARLES P. GUARINO
CGUARINO@MTIPLAW.COM
DIRECT DIAL: 732.945.9488

September 13, 2017

**VIA ECF**

Hon. James B. Clark, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re.: **Ansell Healthcare Products LLC v. Glycobiosciences Inc.,**
      **Case No. 16-cv-09254-SDW-JBC**

Dear Judge Clark,

   We represent Plaintiff Ansell Healthcare Products LLC in the above-referenced proceeding, and write this letter in response to Defendant's September 12, 2017 correspondence to this Court (Doc. No. 21).

   Plaintiff will graciously refrain from burdening the Court with a response to Defendant's improper attempts to brief its pending "motion to transfer" within its letter. Plaintiff merely notes, however, that it timely filed its motion for leave to file a supplemental complaint on the September 8th motion day, with a resulting return date of October 2, 2017 – and Defendant did not. As such, Defendant must abide the briefing schedule for its September 22nd motion day, with a resulting return date of October 16, 2017.

   Defendant's counsel next raises the issue of the upcoming Jewish holidays as a pretext for rescheduling the briefing dates of both pending motions. It appears that counsel may be unfamiliar with the D.N.J. motion calendar and its briefing deadlines. For example, Rosh Hashanah begins at sundown on Wednesday, September 20, 2017. Under the present briefing schedule, Defendant's opposition papers to Plaintiff's motion are due on **September 18, 2017**, well in advance of the religious holiday. Defendant next briefing deadline, namely, submission of a reply brief in support of its own "motion to transfer," would be well after the major Jewish holidays on October 10, 2017. Defendant's counsel refers to October 2, 2017 as a noteworthy date; however, it is merely the date on which Plaintiff's motion would be deemed submitted. As this Court is undoubtedly aware, **no appearances or other actions by the parties are required on that date**. Therefore, there is no reason to reset the dates for either motion.

   Defendant further claims that it requires additional time to respond to Plaintiff's allegedly "weighty" motion papers. It should be noted that Plaintiff's substantive motion papers consist merely of an eight-page memorandum of law and the proposed Supplemental Complaint with exhibits. There is thus no need for an expansion of the briefing schedule, apart from Defendant's possible desire to engage in dilatory tactics.

Finally, as with Defendant's previous motion to dismiss (Doc. No. 7), Defendant's memorandum of law in support of its purported "motion to transfer" this action (Doc. No. 18) does not comport with D.N.J. Local Rule 7.2(b), as there is no table of contents or table of authorities. We therefore respectfully request that Defendant's motion be struck as defective, with leave to re-file in accordance with New Jersey Local Rules.

Thank you for your continued assistance in this matter.

Respectfully submitted,

/s/Charles P. Guarino
Charles P. Guarino