Law Office of Howard A. Gutman
230 Route 206, Suite 307
Flanders, New Jersey 07836
(973) 598-1980
Attorney for Defendant Glycobiosciences

---

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS, LLC | United States District Court |
| Plaintiff, | District of New Jersey |
| v. | Civ. No. 2:16-CV-09254-SDW-LDW |
| GLYCOBIOSCIENCES, INC., | |
| Defendant, | **Declaration of Kevin Drizen in Opposition to Motion to Amend** |

---

I, Kevin Drizen, under penalty of perjury, do declare.

1. I am the current president of Glycobiosiences, Inc, a Canadian company with offices in Georgetown, Ontario, Canada. Working in Canada, my father and I have developed important products which are the subject of multiple patents including our unique IPM Wound Gel Bio product, the only high concentration Hyaluronic Acid based product (2.5% HA) on the market that treats chronic non-healing wounds.

**Acts occurred in Canada**

2. The letters or acts alleged to be wrongful in plaintiff's papers were sent from Canada by a company officer with a Canadian telephone number noted. The agreement between Ansell and us is governed by a contract clause providing that Canadian law, specifically, that of Ontario will apply. (We will be happy to defend any correspondence in the appropriate forum).

3. Litigating in the United States presents an unfair burden upon my company. Travel and meetings involve significant added cost, while the court in Ontario is less than an hour away for me. At any trial, we could have needed witnesses from our company easily travel to Ontario.

[1]

4. Furthermore, Ontario has a provision where a non-lawyer company officer can represent the company in legal proceedings, with leave from the Court, which Glyco has already been granted in an order issued by the Judge in Ontario. Lawyers are expensive and intellectual property counsel in the United States particularly so. In contrast, in Ontario, with the Court's permission, an officer of the company can appear in pre-trial proceeding and limit costs. Glyco would suffer substantial prejudice if this matter continued in a U. S. court and the company was faced with the choice of prohibitive fees from I.P. counsel or relinquishing valid claims.

**Amendment and futility**

5. We respectfully believe the Court should and will apply Canadian law and have the matter handled in Canada. If that occurs, any claim or complaint in the U.S. would presumably be dismissed and claims refiled in Canada. Thus, amendment of the complaint would be unnecessary. Instead the claims should be addressed in Ontario as the contract provides. It should not be said that we are delaying this matter; the matter would have proceeded directly to the merits had the initial Ansell filing been done in Canada pursuant to the contract.

I declare under penalty of perjury that the foregoing statements made by me are true.

Dated: October 2, 2017

Kevin Drizen