## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC,** | : | **Civil Action No. 16-9254 (SDW)** |
| | : | |
| **Plaintiff,** | : | |
| | : | **REPORT AND RECOMMENDATION** |
| **v.** | : | |
| | : | |
| **GLYCOBIOSCIENCES INC.** | : | |
| | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

     **THIS MATTER** comes before the Court on a motion by Defendant GlycoBioSciences Inc. ("Defendant" or "Glyco") to transfer venue, or in the alternative, to dismiss Plaintiff's Complaint [ECF No. 18].[1] Plaintiff Ansell Healthcare Products LLC ("Plaintiff") opposes Defendant's motion [ECF No. 27]. The Court has reviewed the parties' submissions, and has considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, it is respectfully recommended that Defendant's motion to transfer venue, or in the alternative, dismiss Plaintiff's Complaint [ECF No. 18] be **DENIED**.

## I.    BACKGROUND[2]

     This matter arises from Plaintiff's allegations that Defendant breached a Patent Purchasing Agreement ("Purchase Agreement") by failing to pay all amounts due and owing thereunder. Compl. ¶ 21, ECF No. 1. Specifically, Plaintiff alleges that Defendant owes $35,000.00 in remaining "Milestone Payments" as well as additional royalty fees as set forth in the Purchase Agreement. *Id.*

---

[1] The Court notes that Defendant's moving brief was not submitted in compliance with Local Civil Rule 7.2, which provides that "[a]ny brief shall include a table of contents and a table of authorities." L. CIV. R. 7.2(b). Defendant is advised to adhere to the Local Civil Rules of Procedure in future submissions.

[2] The factual and procedural history of this case is set forth in the Court's Report and Recommendation on Defendant's Motion to Dismiss. *See* ECF No. 16 at 1-2.

Defendant has moved to transfer this case to Canada, or in the alternative, to dismiss Plaintiff's Complaint [ECF No. 18]. Plaintiff opposes Defendant's motion [ECF No. 27].

In support of its motion, Defendant claims that the parties' Purchase Agreement contains a forum selection and choice of law clause which prohibits Plaintiff from bringing any cause of action relating to the parties' contract outside of the Province of Ontario, Canada. The Purchase Agreement, in relevant part, provides "[t]his Agreement shall be subject to, governed by, construed and interpreted in accordance with the laws in force in the Province of Ontario." ECF No. 1-1 ¶ 9.5 (the "Governing Law" clause). Defendant contends that the Governing Law clause of the Purchase Agreement is both a choice of law and forum selection clause, and accordingly, asserts that this matter should be transferred the Province of Ontario, Canada. ECF No. 18-1 at 1. Defendant alternatively seeks to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens*. *See Id*. at 8.

Plaintiff argues that Defendant's motion is without merit and contends that "Defendant's motion fails to provide a legitimate reason as to why the District of New Jersey is so unfairly inconvenient as to justify the extraordinary remedy of dismissal." ECF No. 27 at 4. Plaintiff further maintains that Defendant "erroneously and conveniently conflates a choice of law clause [] with a forum selection clause." *Id*. Plaintiff finally asserts that because Defendant fails to establish that the Province of Ontario, Canada would provide an adequate forum, it cannot overcome Plaintiff's choice of forum within the District of New Jersey. *Id*.

## II.    DISCUSSION

### A. Defendant's Motion to Transfer

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" so long as the transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice." Federal law governs the determination of whether to transfer

venue pursuant to § 1404(a), as the issue is procedural rather than substantive. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995).

Ordinarily, in a case not involving a forum selection clause, a court evaluates a § 1404(a) motion using such factors as the convenience of the parties and the relevant public interests. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 134 S. Ct. 568, 581 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)). Because forum selection clauses are "bargained for by the parties . . . a valid forum selection clause [should be] given controlling weight in all but the most exceptional cases." *Id.* (internal quotation marks omitted).

Courts conduct a two-part analysis in determining whether to enforce a forum selection clause. First, a district court must determine whether the forum selection clause is valid and enforceable. *Atl. Marine*, 134 S. Ct. at 581. Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances," for example, those that are undermined by "fraud, undue influence, or overweening bargaining power." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972)).

Second, courts must consider whether, pursuant to § 1404(a), "extraordinary circumstances" would hinder the enforcement of the forum-selection clause. *Atl. Marine*, 134 S.Ct. at 581. In considering whether extraordinary circumstances are present to avoid enforcement of a valid forum selection clause, a court may consider "arguments about public-interest factors only," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that

is at home with the law." *Id.* at 581-82 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). "The party defying the forum selection clause . . . bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," and must prove that public interest factors overwhelmingly disfavor transfer. *Id.* at 581.

As a threshold matter, the Court finds that there is no forum selection clause in the parties' Purchase Agreement. Defendant contends that "[t]he operative contract broadly provides for operation of foreign law." ECF No. 18-1 at 1. To support its argument, Defendant relies on the Governing Law clause of the Purchase Agreement, which provides "[t]his agreement shall be subject to, governed by, construed and interpreted in accordance with the laws in force in the Province of Ontario." *See* ECF No. 1-1 ¶ 9.5. Contrary to Defendant's assertion, the Governing Law clause does not prescribe a forum, nor does it dictate jurisdiction or venue in Canada. Rather, it appears that the Governing Law clause is a choice of law provision that governs the interpretation of the parties' Purchase Agreement. Because the Governing Law clause does not prescribe a forum for an action, it does not constitute a forum selection provision.

Even if the Court assumed for the purposes of the instant motion that the Governing Law provision is a valid forum selection clause, it is neither dispositive nor determinative of the proper forum. *See Jumara*, 55 F.2d at 880. That is particularly so in the instant matter because Defendant has not cited any authority upon which this Court may rely in order to transfer this matter to the Province of Ontario, Canada. Section 1404(a) only authorizes the transfer of a civil action to another district or division of a United States District Court. Defendant cites no authority to support a transfer to Canada and relies solely on the non-existent forum selection clause as a basis for transfer. Accordingly, because the Purchase Agreement does not contain a forum selection clause and because section 1404(a) does not contemplate the transfer of this matter to a court outside of the judicial districts and

divisions of the United States, it is respectfully recommended that Defendant's motion to transfer venue [ECF No. 18] be **DENIED**.

## B. Defendant's Motion to Dismiss

Alternatively, Defendant seeks to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens*. ECF No. 18-1 at 8. "The *forum non conveniens* determination is committed to the sound discretion of the trial court." *Piper*, 454 U.S. at 257. The Supreme Court has directed that "a plaintiff's choice of forum should rarely be disturbed." *Id.* at 241. However, a district court may dismiss an action based on *forum non conveniens* if "an alternative forum has jurisdiction to hear the case," and trial in the plaintiff's chosen forum "would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,'" or the "'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems' . . . . " *Id.* (quoting *Koster v. Lumbermens Mut. Cas. Co.,* 330 U.S. 518, 524 (1947)).

Although "the decision to grant or deny a *forum non conveniens* motion lies within the district court's sound discretion," the court's decision "'should be an exercise in structured discretion founded on a procedural framework guiding the district court's decision making process.'" *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988) (quoting *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1165 (5th Cir. 1987)). The court must first decide whether an adequate alternative forum exists to hear the case. *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989) (citing *Lacey,* 862 F.2d at 43). The court must then evaluate the amount of deference due to the plaintiff's choice of forum. *Id.* Finally, the court must "consider and balance" the private[3]

---

[3] The private interest factors affecting the convenience of the litigants that are to be considered when evaluating a *forum non conveniens* motion include: the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Delta Air Lines, Inc. v. Chimet, S.p.A.*, 619 F.3d 288, 296 (3d Cir. 2010); *See also Gulf Oil Corp.*, 330 U.S. at 508-09).

and public[4] interest factors set forth in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947). *Id.* The list of *Gilbert* factors to be balanced "is by no means exhaustive, and some factors may not be relevant in the context of a particular case." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988). The defendant bears the burden of persuasion at each stage in the analysis, and a district court abuses its discretion if it fails to hold the defendant to its burden. *Lacey,* 862 F.2d at 43.

A determination of whether an adequate alternative forum exists is a threshold issue on a motion to dismiss for *forum non conveniens. Piper*, 454 U.S. at 255 n. 22; *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1226 (3d Cir. 1995). "Two conditions must be satisfied to meet this adequacy requirement: (1) the defendant must be amenable to process in the alternative forum, and (2) the subject matter of the lawsuit must be cognizable in the alternative forum in order to provide the plaintiff appropriate redress." *Tech. Dev. Co. v. Onischenko*, 536 F. Supp. 2d 511, 517 (D.N.J. 2007) (quoting *Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP, Ltd.,* 860 F.Supp. 1055, 1063 (D.N.J.1994)). "Where there is a legitimate dispute concerning the adequacy of the foreign remedy, a defendant must generally provide record evidence indicating that the plaintiff could obtain proper redress in the alternative forum." *Miller,* 380 F.Supp.2d at 449; *see Bhatnagar,* 52 F.3d at 1226 (holding that defendant failed to meet its burden of making a "threshold demonstration that an adequate alternative forum was available for this litigation" in India).

In the present case, Defendant fails to meet its burden of showing that Canada is an adequate alternative forum for this dispute. In order to do so, Defendant must show (1) it is amenable to process

---

[4] The public interest factors affecting the convenience of the forum that are to be considered when evaluating a *forum non conveniens* motion include: the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Delta Air Lines, Inc.*, 619 F.3d at 296; *See also Gulf Oil Corp.*, 330 U.S. at 508-09.

in Canada, and (2) the subject matter of Plaintiff's lawsuit is cognizable in Canada and the forum will provide Plaintiff with appropriate redress. *See Tech. Dev. Co.*, 536 F. Supp. 2d at 517. Although Defendant appears to satisfy the initial burden of making itself amenable to process in Canada, Defendant certainly has not met its burden with regard to the second prong. Again, to carry its burden, "a defendant must generally provide record evidence indicating that the plaintiff could obtain proper redress in the alternative forum." *Miller*, 380 F.Supp.2d at 449. Here, Defendant fails to provide even a scintilla of evidence that Canada offers Plaintiff an adequate remedy. In support of its motion, Defendant relies solely on the Governing Law provision in seeking dismissal of Plaintiff's Complaint. Defendant does not provide a *forum non conveniens* analysis, and therefore fails to show that the District of New Jersey is an inappropriate forum or that it would be oppressive and vexatious for Defendant to litigate here. Accordingly, the Court finds that Defendant has not satisfied its heavy burden under the *forum non conveniens* standard.

Although the inquiry effectively ends when Defendant fails to establish an adequate alternative forum, the Court will nevertheless also consider Defendant's motion with respect to the private and public interest factors traditionally balanced in considering motions to dismiss under *forum non conveniens. See Piper*, 454 U.S. at 241. The Court notes that Plaintiff's choice of forum is not to be "lightly disturbed," and further that Defendant's motion is largely devoid of any discussion of the private and public interest factors. Though Defendant claims in passing that there would be substantial costs to Defendant if the case were litigated in the United States, Defendant fails to establish that a trial in the chosen forum would be oppressive and vexing or that the chosen forum is inappropriate because of considerations affecting the Court's own administrative and legal problems. *See Id*. Moreover, Defendant provides no explanation as to why Canada would be a more convenient forum than the chosen forum. Defendant offers no comment regarding the location of pertinent documents,

nor does Defendant discuss the convenience of the witnesses. Given Defendant's silence with respect to nearly all relevant private and public interest factors, the Court finds that Defendant has failed to carry the heavy burden necessary to disturb Plaintiff's choice of forum. Accordingly, it is respectfully recommended that Defendant's motion to dismiss Plaintiff's Complaint [ECF No. 18] be **DENIED**.

## III.    CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to Fed. R. Civ. P. 78;

**IT IS** on this 26th day of January, 2018,

**RECOMMENDED** that Defendant's motion to transfer venue, or in the alternative, dismiss Plaintiff's Complaint [ECF No. 18] be **DENIED**; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

_____s/ James B. Clark, III_____
**Honorable James B. Clark, III**
**United States Magistrate Judge**

8