UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC,** | Civil Action No. 16-9254 (SDW) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **GLYCOBIOSCIENCES INC.** | |
| Defendants. | |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Ansell Healthcare Products LLC ("Plaintiff" or "Ansell") for leave to file a Supplemental Complaint [Pl.'s Br. Supp. Mot. Suppl. Compl., ECF No. 17].[1] Defendant GlycoBioSciences Inc. ("Defendant" or "Glyco") opposes Plaintiff's motion [Def.'s Br. Opp'n, ECF No. 26]. The Court has reviewed the parties' submissions, and has considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's Motion to file a Supplemental Complaint [ECF No. 17] is **GRANTED**.

**I.  BACKGROUND**

The legal relationship between the parties is lengthy and contentious. This case arose out of a contract dispute between Ansell, a New Jersey limited liability company, and Glyco, a Canadian corporation in Ontario. *See* Compl. ¶¶ 5-6, ECF No. 1. On December 16, 2013, Ansell and Glyco

---

[1] Plaintiff filed its Motion for leave to file a Supplemental Complaint on September 8, 2017. Subsequently, on September 11, 2017 the Clerk's Office entered a "Clerk's Quality Control Message" noting that Plaintiff's motion was missing a "motion for leave to file" document. Shortly thereafter, Plaintiff filed the missing document and the motion was considered "filed" as of September 11, 2017. *See* ECF No. 20. Because Plaintiff's Memorandum of Law and other documents in support of its motion were not refiled on September 11, 2017, the Court will cite to ECF No. 17 when referring to Plaintiff's motion, brief and supporting documents.

(collectively the "parties") entered into a written Patent Purchase Agreement (the "Purchase Agreement") assigning all of Plaintiff's patent rights in the invention disclosed as U.S. Patent Application No. 12/256,648. *See Id.* ¶ 9. In exchange for the transfer of patent rights, the Purchase Agreement provided that Glyco was to make certain timed payments totaling $50,000.00 ("Milestone Payments") and additional royalty fee payments in an amount equal to seven percent of net sales. *See Id.* ¶ 10. On December 14, 2016, Plaintiff initiated this action alleging, *inter alia*, that Defendant breached the Purchase Agreement by failing to pay all amounts due and owing thereunder—specifically, $35,000.00 remaining in Milestone Payments and all royalty fees provided under the Purchase Agreement. *See Id.* ¶ 21.

The parties have filed various motions in this matter, including motions to dismiss [ECF Nos. 7, 18], a motion to transfer [ECF No. 18], and Plaintiff's present motion to supplement its Complaint [ECF No. 20]. The first motion was filed on April 21, 2017, when Defendant moved to dismiss Plaintiff's Complaint for the lack of subject matter jurisdiction. *See* ECF No. 7. On August 30, 2017, the undersigned submitted a Report and Recommendation ("R & R"), recommending that Defendant's motion to dismiss be denied. *See* ECF No. 16. Thereafter, the District Court adopted the R & R in its entirety as the Opinion of the Court and denied Defendant's motion to dismiss. *See* ECF No. 23.

On August 9, 2017, Defendant filed a motion to transfer venue, or in the alternative, to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens*. *See* ECF No. 18. Although Defendant's motion was not submitted in compliance with Local Civil Rule 7.2, the undersigned considered the motion on the merits and issued a R & R for the District Court to review. *See* ECF No. 41. Defendant objected to the R & R [ECF No. 42], and Plaintiff filed a response to Defendant's objection [ECF No. 43]. Currently, the R & R is pending before the Honorable Susan D. Wigenton, United States District Court Judge.

Presently before the Court is Plaintiff's Motion for leave to file a Supplemental Complaint pursuant to Rule 15(d). Plaintiff's proposed Supplemental Complaint repeats the allegations of the original Complaint and proposes to add claims for tortious interference with contract (Count II), tortious interference with prospective economic disadvantage (Count III), common law trade libel (Count IV), and defamation (Count V). *See generally* Suppl. Compl., ECF No 17-2. As set forth more fully below, the proposed Supplemental Complaint relates three incidents that transpired following Plaintiff's initiation of this action.

Plaintiff alleges that on May 31, 2017 Kevin Drizen, the President of Defendant Glyco ("Glyco's President"), sent an email to Plaintiff's competitor Reckitt Benckiser, LLC ("Reckitt") falsely claiming that Glyco was the owner of Ansell's polyisoprene condom technology. *See* Pl.'s Br. Supp. Mot. at 4, ECF No. 17 (hereafter "Plaintiff's Brief"); *see also* Exhibit B, ECF No. 17-4. According to Plaintiff, Glyco claimed ownership of the same patents Ansell is asserting against Reckitt in a case pending in the United States District Court for the District of Delaware ("U.S.D.C. for the Dist. of Delaware"). *See* Pl.'s Br. at 4, ECF No. 17. Plaintiff contends that the purpose of Defendant's actions was to retaliate against Ansell for filing the present matter, by interfering with Ansell's prosecution of the Reckitt litigation. *See Id*. at 5.

Similarly, On June 3, 2017, Plaintiff claims that Glyco's President sent a letter via email to the President of Humanwell Healthcare Co. ("Humanwell") falsely claiming that Glyco is the owner of Ansell's polyisoprene condom patent portfolio (the "patent portfolio"). *See* Pl.'s Br. at 4, ECF No. 17; *see also* Exhibit E, ECF No. 17-7. According to Plaintiff, Ansell is engaged in an effort to complete the sale of its "Sexual Wellness" global business unit to Humanwell. *See* Pl.'s Br. at 3, ECF No. 17. Although it was not stated directly by Plaintiff, through Plaintiff's allegations it is implied that the

patent portfolio, of which Glyco is allegedly claiming ownership, is to be included in the sale of Ansell's global business unit.

Finally, on August 1, 2017 Plaintiff claims that Glyco's President sent a second email to the President of Humanwell, reiterating the falsehoods stated in his previous email and attaching a letter that he sent to Judge Richard Andrews of the U.S.D.C. for the Dist. of Delaware. *Id*. at 4. According to Plaintiff, in Defendant's letter to Judge Andrews, Defendant falsely claimed rights in the Ansell patents asserted against Reckitt in litigation. *Id*; *see also* Exhibit F, ECF No. 17-8. Plaintiff contends that the purpose of Glyco's actions was "clearly to interfere with and hinder the sale of Ansell's Sexual Wellness global business unit to Humanwell, in retaliation against Ansell for filing the present matter against Glyco for breach of the Patent Purchase Agreement." *See* Pl.'s Br. at 5, ECF No. 17.

Based on these arguments, Plaintiff submits that this Court should permit Ansell to file a Supplemental Complaint pursuant to Rule 15(d). In response, Defendant contends that Plaintiff's motion is futile. More specifically, Defendant contends that "[Plaintiff's] complaint will need to be dismissed because it alleges actions that will be governed by Canadian law and the matter handled in Canada." Def.'s Br. Opp'n at 2, ECF No. 26. Defendant further claims that "disposition by transfer will moot any motions or proceeding and save the Court time and avoid the cost of adjudicating papers on an academic motion." *Id*.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 governs Plaintiff's motion for leave to file a Supplemental Complaint. The relevant part of the rule reads, "the court may, on just terms, permit the party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d).

Whether to allow a party to file a supplemental pleading is within the sound discretion of the

district court. *See Owens–Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1189 (3d Cir. 1979). "An application for leave to file a supplemental pleading . . . should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the parties." Charles A. Wright & Arthur Miller, Federal Practice and Procedure, § 1504 at 186–187.[2]

Plaintiff asserts that this Court should exercise its discretion and permit Ansell to file a Supplemental Complaint that sets out Defendant's new tortious activities that commenced after this action was initiated. *See* Pl.'s Br. at 6, ECF No. 17. Plaintiff argues that there has been no undue delay in seeking leave to supplement its Complaint, nor has Plaintiff engaged in bad faith or dilatory tactics. *Id.* Accordingly, Plaintiff contends that this Court should permit Ansell to file a Supplemental Complaint pursuant to Rule 15(d).

In response, Defendant asserts that Plaintiff's proposed Supplemental Complaint is futile. *See* Def.'s Br. Opp'n at 2, ECF No. 26. A court will consider an amendment futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). To determine whether an amendment is insufficient on its face, the Court employs the same standard applied to Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under this standard, the question before the Court is not whether the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nonetheless, "a pleader's obligation to provide the grounds of his entitle[ment] to relief requires more than labels [,] . . . conclusions, and

---

[2] The standard applicable to motions to amend under Fed.R.Civ.P. 15(a) is essentially the same standard that applies to motions to supplement pleadings under Fed.R.Civ.P. 15(d). *See Epstein v. Township of Whitehall,* Civ. A. No. 88–0534, 1989 WL 73741, at *2 (E.D.Pa. June 29, 1989) (citing *Soler v. G and U, Inc.,* 103 F.R.D. 69 (S.D.N.Y.1984)).

a formulaic recitation of the elements of a cause of action" and rather requires that the "[f]actual allegations . . . be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Antoine v. KPMG Corp.*, 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). (citations omitted). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

As a preliminary matter, the Court notes that Defendant does not challenge the sufficiency of Plaintiff's proposed amendments. Instead, Defendant argues that Plaintiff's Complaint "will need to be dismissed because it alleges actions that will be governed by Canadian law and handled in Canada." Def.'s Br. Opp'n at 2, ECF No. 26. Defendant further argues that "[d]isposition by transfer will moot any other motions or proceeding and save this Court time . . . ." *Id*. These arguments were offered in support of Defendant's prior motion to transfer venue or in the alternative to dismiss Plaintiff's Complaint under the doctrine of *forum non conveniens*. *See* ECF No. 18. The undersigned recommended that Defendant's motion be dismissed, which is currently pending before the District Court. Because the Court has not yet issued a decision on Defendant's previous motion to transfer or dismiss, the undersigned will not address Defendant's contention that the transfer of this action will moot Plaintiff's motion to file a Supplemental Complaint.

With respect to Defendant's contention that Plaintiff's Complaint will need to be dismissed because it alleges actions that will be governed by Canadian law, the issue of whether Canadian or New Jersey law applies to Plaintiff's existing or proposed claims was not briefed by the parties and is not before the Court in the instant motion. Therefore, the Court's inquiry is limited to whether Plaintiff's proposed amendments are so clearly futile to justify denial of its leave to file a supplemental pleading.

### a. *Plaintiff's tortious interference claims (Count II and Count III)*

With respect to Counts II and III, the Court finds that Plaintiff's claims for tortious interference with a contractual relationship and tortious interference with a prospective economic advantage are not futile. Under New Jersey law, the elements for claims of tortious interference with a contractual relationship and tortious interference with a prospective economic advantage are nearly identical. To state a claim for tortious interference with a contractual relationship, Plaintiff must allege: (1) a protectable right, i.e., a contract; (2) intentional and malicious interference with the protectable right; (3) a reasonable likelihood that the interference caused the loss of the prospective gain; and (4) resulting damages. *See Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751–52, 563 A.2d 31 (1989). Similarly, tortious interference with a prospective economic advantage claims must essentially allege the same elements. The only distinction is that Plaintiff must allege a prospective economic advantage as the protectable right, as opposed to a contract. *See Macdougall v. Weichert,* 144 N.J. 380, 403–04, 677 A.2d 162 (1996) (citing *Printing Mart–Morristown*, 116 N.J. at 751–52); *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.,* 256 F.Supp.2d. 249, 288 (D.N.J. 2003), *aff'd,* 173 F. App'x 178 (3d Cir. 2006) ("The requirements for each claim are identical except that the tortious interference with contractual relations claim requires proof of an existing contract.").

Here, Plaintiff's Supplemental Complaint sufficiently pleads that Ansell and Humanwell were parties to a binding and enforceable contract. Suppl. Compl. ¶ 38, ECF No. 17-2. Count Three of the Supplemental Complaint alleges that Glyco had full knowledge of the fact that Ansell had an economic relationship with Humanwell. *Id*. ¶ 43. The Supplemental Complaint further alleges that Glyco intentionally and maliciously interfered with Ansell's prospective economic advantage by falsely misrepresenting itself as the owner of Ansell's patent portfolio. *Id*. ¶¶ 42-44. To bolster its assertions,

7

Plaintiff submits a copy of the emails sent by Defendant to the President of Humanwell. *See* Exhibit D, ECF No. 17-6; *see also* Exhibit E, ECF No. 17-7. According to Plaintiff, the emails falsely claim that Glyco is the owner of Ansell's patent portfolio, which includes a license to Ansell's polyisoprene condom. Pl.'s Br. at 4, ECF No. 17. Plaintiff contends that the purpose of Glyco's actions were to interfere with and hinder the sale of Ansell's Sexual Wellness global business unit to Humanwell. *See Id*. at 5. Finally, the Supplemental Complaint alleges that Glyco's conduct resulted in the actual disruption of Ansell's business relationship and caused Ansell irreparable injury, loss of reputation and pecuniary damages. Suppl. Compl. ¶ 45, ECF No. 17-2. These allegations, if true, demonstrate that Defendant knew Plaintiff and Humanwell were parties to a contract, and that Defendant's intentional misrepresentations caused a disruption in Plaintiff's relationship which resulted in Plaintiff being damaged. Accordingly, the allegations in the Supplemental Complaint are sufficient to establish claims for tortious interference with a contractual relationship and tortious interference with a prospective economic advantage.

   b. *Plaintiff's trade libel and defamation claims (Count IV and Count V)*

With respect to Counts IV and V, the Court also finds that Plaintiff's claims for defamation and common law trade libel are not futile. Plaintiff asserts that Defendant's statement amount to defamation. New Jersey Supreme Court describes defamation as "false defamatory words, written and published, injurious to the reputation of another or exposing him to hatred, contempt or ridicule or subjecting him to a loss of the good will and confidence entertained towards him by others . . . ." *Leers v. Green*, 24 N.J. 239, 251, 131 A.2d 781, 787 (1957). To establish defamation under New Jersey law, Plaintiff must show that Defendant (1) made a false and defamatory statement concerning Plaintiff, (2) communicated the statement to a third party, and (3) had a sufficient degree of fault. *Reed v. Scheffler*, 218 F. Supp. 3d 275, 281–82 (D.N.J. 2016) (citing *Mangan v. Corporate Synergies Group,*

*Inc.*, 834 F.Supp.2d 199, 204 (D.N.J. 2011)) (citing *Singer v. Beach Trading Co.*, 379 N.J.Super. 63, 79, 876 A.2d 885 (App. Div. 2005)).

Additionally, Plaintiff asserts that Defendant's disparaging statements regarding Ansell's ownership of its patent portfolio is actionable under the tort of trade libel. Trade libel, also known as "product disparagement," derives from the cause of action for interference with contractual relations, rather than that for defamation. Although at times a product disparagement claim may possess substantial overlap with the tort of defamation, the "statement may be actionable under both theories." *Dairy Stores, Inc. v. Sentinel Publishing Co., Inc.,* 104 N.J. 125, 158, 516 A.2d 220 (1986) (Garibaldi, J., concurring). The elements for trade libel and defamation are very similar. In addition to proving defamation, to have a valid trade libel claim, Plaintiff must also establish that Defendant's statements were malicious and that they caused Plaintiff special pecuniary damages.[3]

Here, Plaintiff has sufficiently plead enough facts to establish a claim for defamation and trade libel. The Supplemental Complaint alleges that Defendant made false and disparaging statements accusing Plaintiff of not being the owner of its patent portfolio which it was contracted to sell to Humanwell. Suppl. Compl. ¶¶ 48-50, ECF No. 17-2. The Supplemental Complaint further alleges that this false information was communicated, both in writing and orally, to the President of Humanwell and Judge Andrews. *See Id*. ¶¶ 48, 53. In support of its assertions, Plaintiff submits the email correspondence from Defendant to Humanwell, which corroborates Plaintiff's allegations that Defendant published false information. *See* Exhibit D; *see also* Exhibit E. Plaintiff contends that Defendant knew the statements were false and that Defendant intentionally published the false information in order to profit from the injury caused by those statements. *See* Suppl. Comp. ¶¶ 54-56,

---

[3] "The elements of trade libel are: (1) publication; (2) with malice; (3) of false allegations concerning its property, product or business, and (4) special damages, i.e. pecuniary harm." *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 378 (D.N.J. 2004)

ECF No. 17-2. As a result of Defendant's disparaging statements, Plaintiff contends that it suffered pecuniary damages. *Id*. ¶ 57. These allegations, if true, demonstrate that Defendant maliciously made false statements concerning Plaintiff and Plaintiff's business to a third party, and it caused Plaintiff to suffer pecuniary damages. Accordingly, the allegations in the Supplemental Complaint are sufficient to establish facial claims for defamation and common law trade libel.

## III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 6th day of March, 2018,

**ORDERED** that Plaintiff's motion for leave to file a Supplemental Complaint [ECF No. 17] is **GRANTED**[4]; and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

                                             s/ James B. Clark, III
                                        **Honorable James B. Clark, III**
                                        **United States Magistrate Judge**

---

[4] The Court notes that nothing herein constitutes a ruling as to whether Plaintiff's claims will survive a motion to dismiss or be proven at trial.