## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC, | Civil Action No. 16-9254 (SDW) (JBC) |
| Plaintiff, | |
| v. | **ORDER** |
| GLYCOBIOSCIENCES INC. | |
| Defendant. | March 6, 2018 |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") issued on January 26, 2018 by Magistrate Judge James B. Clark, III ("Judge Clark"), recommending that Defendant's Motion to Transfer Venue, or alternatively, to Dismiss Plaintiff's Complaint be denied. (ECF No. 41.) Defendant Glycobiosciences Inc. ("Defendant") objected to the R&R on February 9, 2018; Plaintiff Ansell Healthcare Products LLC ("Plaintiff") responded to Defendant's objections on February 19, 2018. (ECF Nos. 42-43.) Defendant and Plaintiff submitted supplemental filings on February 23, 2018 and February 26, 2018, respectively. (ECF Nos. 46, 47.)

Review of the R&R, as well as objections to it, are governed by Local Civil Rule 72.1, which provides that the Court "shall make a *de novo* determination of those portions [of the report and recommendation] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(3). The Court has reviewed the R&R and record in this matter, and agrees with Judge Clark's analysis and conclusions.

Section 9.5 of the parties' Purchase Agreement ("Agreement"), which is entitled, "Governing Law[,]" speaks only to choice of law; it is not a forum selection clause. (Agreement at 5, ECF No. 1-1.) Thus, while the Agreement is subject to interpretation under the laws of the Province of Ontario, Canada, it does not designate Ontario as the forum for disputes. Even if it did, "[t]ransfer is not available . . . when a forum selection clause specifies a non-federal forum." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001).

Judge Clark properly denied Plaintiff's Motion to Dismiss based on *forum non conveniens*. Defendant has not met its burden of showing that Canada is an adequate alternative forum for this dispute. (ECF No. 41 at 6-7.) The movant's vague references to "overwhelming evidence that Plaintiff can obtain an adequate remedy in Canada[,]" as evidenced by "[a]ny quick internet search[,]" are unpersuasive. (Def.'s Objections to R&R, ECF No. 42 at 7-8.)

This Court also notes that as Plaintiff's claims relate to a U.S. patent, U.S. law was properly applied in deciding Defendant's motion. *See* 28 U.S.C. § 1338 ("[D]istrict courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . ."). Additionally, given that Plaintiff seeks to amend its Complaint to include supplemental claims, (*see* Pl.'s Mot. for Leave to File Suppl. Compl., ECF Nos. 17, 20), jurisdiction is proper in this Court.

Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R of Judge Clark (ECF No. 41) is **ADOPTED** as the conclusions of law of this Court.

**SO ORDERED**.

s/ Susan D. Wigenton, U.S.D.J.

Orig:  Clerk
cc:     Parties
         Magistrate Judge Clark