UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

Martin P. Skolnick, Esq. (Attorney Id No. 003791999)
Skolnick Legal Group, P.C.
103 Eisenhower Parkway, Suite 305
Roseland, New Jersey 07068
(973) 403-0100
Attorneys for Defendant,
Glycobiosciences, Inc.

| | |
|---|---|
| ANSELL HEALTHCARE PRODUCTS LLC,<br><br>                       **Plaintiff**,<br>   v.<br><br>GLYCOBIOSCIENCES, INC.,<br><br>                       **Defendant,** | Civil Action No. 16-9254(SDW)<br><br>CERTIFICATION OF MARTIN P. SKOLNICK IN SUPPORT OF SKOLNICK LEGAL GROUP P.C.'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT |

**CERTIFICATION OF COUNSEL**

Martin P. Skolnick hereby certifies as follows:

1. I am a member of the Bar of the State of New Jersey and admitted to practice before this Court.

2. I am the attorney for Defendant, Glycobiosciences, Inc. ("Defendant"), in this matter and I have sufficient knowledge to make this Certification.

3. I submit this Certification in support of Skolnick Legal Group P.C.'s Motion to Withdraw as Counsel of Record for Defendant in this matter.

1

4. Skolnick Legal Group, P.C. (hereinafter "Skolnick Legal Group") was retained on our about January 19, 2018 to serve as local counsel for Defendant.

5. Prior to being retained I had spoken with both Defendant's president, Kevin Drizen, and Defendant's attorney, Joseph Zito, Esq., who was to be lead counsel in this matter.

6. When I was retained I was advised that there was a pending motion to transfer the matter based upon forum non conveniens.

7. It was agreed that I would accept a minimal retainer but in the event that the forum non conveniens most was denied the retainer deposit would be increased.

8. On or about January 26, 2018 the Honorable James B. Clark, III, U.S.M.J. issued a Report and Recommendation denying Defendant's motion to transfer.

9. At that point I instructed the client that the retainer deposit needed to be increased.

10. The client refused and asserted that the retainer deposit would not be increased until the transfer motion was denied by a United States District Court Judge.

11. Further, Defendant was insistent that I was obligated to file an objection to the Report and Recommendation.

12. I was surprised that the client expected me to prepare the objection because I expected the lead counsel to prepare the initial draft.

13. Further, at that point in time it became abundantly clear that Defendant expected Skolnick Legal Group to serve in a lead counsel role.

14. When I attempted to discuss these issues with Defendant's President, Kevin Drizen, in a calm and reasonable manner I was met with outrageous threats.

15. More specifically, Mr. Drizen indicated to me that he knew people that would cause me harm if I did not do exactly as he instructed.

16. Although I should have immediately withdrawn at that point in time I proceeded to follow Mr. Drizen's instructions and drafted and filed an objection to the Report and Recommendation.

17. On March 6, 2018 the Court entered an order adopting the Report and Recommendation and denying the motion to transfer venue.

18. Also, on March 6, 2018, the Court entered an order granting plaintiff leave to file an amended complaint.

19. After the two court orders were entered on March 6, 2018 I had a conversation with Mr. Drizen.

20. Mr. Drizen made it extremely clear that he had no intention of complying with our legal fee agreement and would not provide the required additional retainer deposit.

21. On March 6th, Mr. Drizen continued his threatening behavior. He made it very clear that I was to do exactly what he was instructing or I would suffer the consequences.

22. On March 8th, Mr. Drizen sent me a message what I interpreted to mean that he would file an ethics complaint should Skolnick Legal Group proceed to file a motion to withdraw.

23. Significant differences have arisen between Skolnick Legal Group and Defendant, and an irrevocable breach has developed.

24. I have given prior warning to Defendant that my firm would have to withdraw and I was met with a very aggressive and adversarial response.

25. No prejudice to any parties in this action will result from the withdrawal of Skolnick Legal Group.

26. This matter is in the very preliminary stages. Preliminary motions have been filed and denied but no answer has even been served. As indicated above, a first amended complaint was just filed on March 6th. No discovery has occurred in this matter.

27. Further, Skolnick Legal Group was relying on Joseph Zito, Esq. to serve as lead counsel. Prior to Skolnick Legal Group's retention it was made clear that Mr. Zito had the necessary substantive patent litigation experience should any such issues arise in this matter. This is a further basis for the withdrawal of Skolnick Legal Group.

28. RPC 1.2(c) provides that "[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent.

29. Further, Skolnick Legal Group is seeking to withdraw as counsel for the Defendant in this matter pursuant to RPC 1.16(b)(5) and RPC 1.16(b)(6).

30. RPC 1.16(b)(5) provides that "Except as stated in paragraph (c), a lawyer may withdraw from representing a client if: (5) the client fails to substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

31. RPC 1.16(b)(6) provides that "Except as stated in paragraph (c), a lawyer

may withdraw from representing a client if: (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."

32. I have made it clear to Mr. Drizen that he is required to pay the outstanding retainer deposit, or our firm would have no choice but to file a motion to be relieved as counsel in this matter.

33. Despite explaining this to Mr. Drizen, he has made it clear that he wants Skolnick Legal Group to perform additional work without being paid the balance on the retainer.

34. As indicated above, Mr. Drizen has failed to fulfill obligations to Skolnick Legal Group and I have provided him with warnings that Skolnick Legal Group would file a motion to withdraw unless these obligations were fulfilled.

35. Skolnick Legal Group's representation of Defendant will result in an unreasonable financial burden on the firm, and Skolnick Legal Group's representation of Defendant has been made unreasonably difficult.

36. Skolnick Legal Group's attorney client relationship with the Defendant has completely broken down.

37.     As such, Skolnick Legal Group requests to withdraw as counsel for Defendant, GlycoBioSciences, Inc.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED:  March 9, 2018   /s/ Martin P. Skolnick
SKOLNICK LEGAL GROUP, P.C.
103 Eisenhower Parkway, Suite 305
Roseland, NJ 07068
Tel.  973-403-0100
Fax:  973-488-7140
martin@skolnicklegalgroup.com
*Attorneys for Defendant*
*GlycoBioSciences Inc.*