# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

Martin P. Skolnick, Esq. (Attorney Id No. 003791999)
Skolnick Legal Group, P.C.
103 Eisenhower Parkway, Suite 305
Roseland, New Jersey 07068
(973) 403-0100
Attorneys for Defendant,
Glycobiosciences, Inc.

|  |  |
|---|---|
| **ANSELL HEALTHCARE PRODUCTS LLC,**<br><br>     **Plaintiff,**<br> **v.**<br><br>**GLYCOBIOSCIENCES, INC.,**<br><br>     **Defendant,** | **Civil Action No.  16-9254(SDW)**<br><br>**BRIEF IN SUPPORT OF SKOLNICK LEGAL GROUP P.C.'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT** |

# TABLE OF AUTHORITIES AND CONTENTS

**Cases:**

Cuadra v. Univision Commc'ns, Inc., Civ. A. No. 09-4946 (JLL),

2012 WL 1150833……………………………………………………………..   3

Haines v. Liggett Grp., Inc., 814 F. Supp. 414, 423 (D.N.J. 1993)………………   3

**Contents:**

**I.   Withdrawal is appropriate under RPC 1.16(b)(5)**

**II.   Withdrawal is appropriate under RPC 1.16(b)(6)**

**III.   Withdrawal is appropriate under RPC 1.2(c)**

**IV.   There will be no harm or prejudice by the withdrawal of**

**Martin P. Skolinick.**

## I.   Withdrawal is appropriate under RPC 1.16(b)(5)

Local Civil Rule 102.1 provides that "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Pursuant to Local Civil Rule 103.1, the New Jersey Rules of Professional Conduct govern attorneys practicing in the District of New Jersey. L. Civ. R. 103.1. RPC 1.16 lists the circumstances under which an attorney may withdraw from representation of a client.

Under RPC 1.16(a)(5), an attorney may withdraw from representation of a client if the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled. Here, Martin P. Skolnick, Esq. (hereinafter "Mr. Skolnick") explained to the Defendant that pursuant to their initial agreement, the retainer deposit would increase should the motions to transfer venue and dismiss the matter be denied. (See ¶7 Certification of Martin P. Skolnick). After both motions were denied, Mr. Skolnick explained to the Defendant that the retainer would need to be increased. (See ¶9 of Certification of Martin P. Skolnick). Defendant made it extremely clear that it had no intention of complying with the legal fee agreement and would not provide the agreed upon additional retainer funds. (See ¶20 Certification of Martin P. Skolnick).

In response, Mr. Skolnick explained to the client that should the balance of the retainer not be paid, he would be forced to withdraw as counsel. (See ¶24 Certification of Martin P. Skolnick). Despite Mr. Skolnick's warnings, the Defendant has failed pay the remaining balance on the retainer, nor has he given any indication of the intention to pay the remaining balance of the retainer.

## II. Withdrawal is appropriate under RPC 1.16(b)(6)

Under RPC 1.16(b)(6), an attorney may withdraw if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. In the case at hand, as mentioned above, the Defendant has made no intention of paying the remaining balance of his retainer. Additionally, the Defendant has been extremely hostile and threatening in his communications with Mr. Skolnick. On March 6, 2018, the Defendant made actual threats. "He made it very clear that I was to do exactly what he was instructing or I would suffer the consequences." (See ¶21 Certification of Martin P. Skolnick). Mr. Drizen also has indicated that he knew people that would cause harm to Mr. Skolnick. (See ¶15 Certification of Martin P. Skolnick).    It is obvious that the attorney client relationship has completely broken down between Skolnick Legal Group and the Defendant.

## III. Withdrawal is appropriate under RPC 1.2(c)

RPC 1.2(c) provides that "[a] lawyer may limit the scope of the representation if the limitation is reasonable under the circumstances and the client gives informed consent. In this case, Skolnick Legal Group was retained to solely serve as local counsel as is provided for in the legal fee agreement. Defendant has improperly demanded that Skolnick Legal Group serve in a lead counsel role and has failed and refused to even provide the modest agreed upon retainer for the local counsel role.

**IV.    There will be no harm or prejudice by the withdrawal of**

**Martin P. Skolinick.**

Whether to grant a motion to withdraw is within the Court's discretion. <u>Cuadra v.</u>

<u>Univision Commc'ns, Inc.</u>, Civ. A. No. 09-4946 (JLL), 2012 WL 1150833, at *5 (D.N.J.

Apr. 4, 2012). The general criteria by which the Court typically considers such an

application are "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal

may cause to litigants, (3) the harm withdrawal might cause to the administration of

justice and (4) the degree to which withdrawal will delay resolution of the case." <u>Haines</u>

<u>v. Liggett Grp., Inc.</u>, 814 F. Supp. 414, 423 (D.N.J. 1993).

The matter at hand is in the very early stages of litigation. While preliminary

motions have been filed there has been no Answer served. (See ¶6 of of Certification of

Martin P. Skolnick). In fact, an amended complaint was just recently filed on March 6,

2018. (See ¶6). Therefore, due to the matter still being in its early stages, it is clear that

litigants will not face prejudice, nor will the withdrawal delay the resolution of the

matter. Moreover, there will be no harm to the administration of justice due to the

withdrawal of Mr. Skonlick.

Skonlick Legal Group, P.C.

Dated: March 9, 2018                          by: s/ Martin P. Skolnick

Martin P. Skolnick, Esq.

*Attorney for Defendant*

*Glycobiosciences, Inc.*